IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION


DAVID J. RENNICKE                                               PETITIONER


vs.              Civil Case No. 2:06CV00096 HLJ


LINDA SANDERS, Warden,
FCI, Forrest City, Arkansas                                     RESPONDENT


## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge J. Leon Holmes.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## DISPOSITION

Now before the court is a petition for a writ of habeas corpus under 28 U.S.C. § 2254 by David J. Rennicke, an inmate of the Federal Correctional Institution in Forrest City, Arkansas. Petitioner is serving a sixty month sentence for fraud against the government imposed in June of 2004 by an unnamed District Court in the Seventh Circuit. Petitioner does not challenge his conviction or his sentence. His only claim in this petition is his challenge to the Bureau of Prison's (BOP) interpretation of 18 U.S.C. § 3624(c),[1] the

---

[1] That statute provides as follows:

statute that governs the transfer of inmates to residential reentry centers (RRC's)[2] prior to their release from imprisonment.  He requests the court to order the BOP to consider him for a transfer to an RRC for the last six months of his sentence.

This is one of several cases litigated before this court concerning the BOP's transfer of inmates to RRCs.  The Eighth Circuit Court of Appeals recently ruled in <u>Fults v. Sanders</u>, 442 F.3d 1088 (8th Cir. 2006), that a regulation adopted by the BOP on December 14, 2005, which limited placement in an RRC to the last ten percent of an inmate's sentence, was invalid.  In light of <u>Fults</u>, Respondent has filed a pleading in this case stating the BOP is modifying its procedures for institutions in this circuit, and that Petitioner will be evaluated for RRC placement utilizing the procedures outlined in Program Statement 7310.04, Community Corrections Center Utilization and Transfer Procedure, dated December 16, 1998.  Respondent further states that, under this policy statement, the Bureau "will be basing RRC recommendations on statutory (18 U.S.C. § 3621(b)), correctional,

---

> c) Pre-release custody.--The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community. The authority provided by this subsection may be used to place a prisoner in home confinement. The United States Probation System shall, to the extent practicable, offer assistance to a prisoner during such pre-release custody.

[2] These facilities were formerly known as community correctional centers (CCCs), but the BOP renamed them on March 31, 2006.

3

and population management interests, e.g., length of sentence, seriousness of current offense, criminal history, programming needs of the inmate, availability of facilities, availability of necessary healthcare, public safety, etc. Consistent with Program Statement 7310.04, recommendations regarding RRC placement will occur 11 to 13 months before the inmate's projected release date." Respondent requests this petition, therefore, be dismissed as moot.

Petitioner requests the court enter a judgment, because he "may need one ... to receive the six months halfway house" transfer, "until the Respondent has shown, in good faith, that the procedures outlined in Program Statement 7310.04, ... will be utilized correctly...."  Petitioner does not have an absolute right to a transfer to an RRC, and at no point in the <u>Fults</u> litigation has any court directed the BOP to transfer a specific inmate to an RRC.  All Petitioner is entitled to under <u>Fults</u> is consideration for such a transfer in accordance with the procedures outlined in Program Statement 7310.04.  Respondent has agreed to do that, and it appears this petition is moot.  See <u>Ali v. Cangemi</u>  419 F.3d 722, 723 -724 (8th Cir. 2005).

IT IS THEREFORE ORDERED that this petition be, and it is hereby, dismissed without prejudice as moot.

SO ORDERED this 14th day of June, 2006.

*Henry L. Jones, Jr.*
United States Magistrate Judge